Thomas R. Karrenberg (#3726)
(tkarrenberg@aklawfirm.com)
Richard A. Kaplan (#13480)
(rkaplan@aklawfirm.com)
Anderson & Karrenberg, P.C.
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

John P. Stigi III (Cal. Bar. No. 208342)
(jstigi@sheppardmullin.com)
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone: (310) 228-3700
Facsimile: (310) 228-3701

Attorneys for Defendants LifeVantage Corporation, Douglas C. Robinson, Elwood H. Spedden, Michael A. Beindorff, David W. Brown, Mike Lu, Dave S. Manovich, Garry Mauro, Joe M. McCord and George E. Metzer

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF UTAH

| | |
|---|---|
| TREVOR BRAMWELL, On Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>v.<br><br>LIFEVANTAGE CORPORATION, DOUGLAS C. ROBINSON, ELWOOD H. SPEDDEN, MICHAEL A. BEINDORFF, DAVID W. BROWN, MIKE LU, DAVE S. MANOVICH, GARRY MAURO, JOE M. MCCORD and GEORGE E. METZER,<br><br>                Defendants. | Case No.<br><br>NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT |

-2-

NOTICE OF REMOVAL

TO THE CLERK OF THE United States District Court for the District of Utah:

PLEASE TAKE NOTICE that defendants LifeVantage Corporation ("LifeVantage"), Douglas C. Robinson, Elwood H. Spedden, Michael A. Beindorff, David W. Brown, Mike Lu, Dave S. Manovich, Garry Mauro, Joe M. McCord and George E. Metzer (collectively, "Defendants") hereby remove the action described below to the United States District Court for the District of Utah:

1. On October 22, 2012 plaintiff Trevor Bramwell, purportedly on behalf of himself and a putative class of holders of common stock of LifeVantage ("Plaintiffs"), filed an action in the Third Judicial District Court, Salt Lake County, for the State of Utah, West Jordan Department entitled, *Trevor Bramwell, On Behalf of Himself and Others Similarly Situated v. LifeVantage Corporation, et al.* A true and correct copy of the Complaint is attached hereto as Exhibit "A" and is incorporated by reference.

2. On October 25 2012, Defendants agreed to accept service of the Complaint.

3. The Court has original jurisdiction of this action under 28 U.S.C. § 1441(a) and (c), and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb(f).

4. Under SLUSA, "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending." 15 U.S.C. § 78bb(f)(2). This action falls within the scope of SLUSA's removal provisions. More specifically:

(a) As alleged in the Complaint, this action is a single class action lawsuit involving alleged misrepresentations and/or omissions and/or use or employment of a manipulative device or contrivance in connection with proxy statements issued to shareholders of LifeVantage common stock, in which plaintiffs seek injunctive relief and monetary damages on a representative basis on behalf of themselves and at least 50 other putative class members similarly situated. Plaintiffs seek declaratory relief, damages, injunctive relief, costs, and attorneys' and experts' fees. Complaint ¶ 41(A)-(G). Plaintiffs allege that members of the putative class are so numerous that joinder of all members is impracticable. Complaint ¶ 19. In addition, plaintiffs allege that questions of law or fact common to those persons who are members of the purported class predominate over any questions affecting only individual persons or members. *See* Complaint ¶ 20. Accordingly, this is a "covered class action" within the scope of 15 U.S.C. § 78bb(f)(5)(B)(i).

(b) Plaintiffs allege that Defendants issued materially misleading and incomplete proxy statements to holders of LifeVantage's common stock. LifeVantage's common stock is registered with the Securities & Exchange Commission and trades on NASDAQ. Accordingly, this action is in connection with "covered securities" under SLUSA. *See* 15 U.S.C. § 77p(f)(3); 15 U.S.C. § 78bb(f)(5)(E); 15 U.S.C. § 77r(b).

(c) Plaintiffs allege that Defendants issued materially misleading and incomplete proxy statements to holders of LifeVantage's common stock in an "attempt[] to dilute the holdings of Plaintiff and other members of the Class in LifeVantage common stock without proper disclosure of the full impact of the dilution." Complaint ¶ 33. In *Merrill Lynch, Pierce, Fenner & Smith v. Dabit*, 547 U.S. 71, 88-89 (2006), the United States Supreme Court interpreted the "in connection with" language in SLUSA broadly to include misrepresentations

and omissions merely "touching upon" the purchase or sale of covered securities. *See Anderson v. Merrill Lynch, Pierce, Fenner & Smith*, 521 F. 3d 1278, 1284 (10th Cir. 2008); *Fisher v. Kanas,* 487 F. Supp. 2d 270, 277 (E.D.N.Y. 2007); *aff'd*, 288 Fed. Appx. 721 (2d Cir. 2008). Thus, under *Dabit*, "SLUSA's operative language must be read broadly to sweep in not only purchasers and sellers of securities, but holders of securities." *In re Salomon Smith Barney Mut. Fund Fees Litig.*, 441 F. Supp. 2d 574, 604 (S.D.N.Y. 2006) (citing *Dabit*, 547 U.S. at 85-86); *accord Fisher*, 487 F. Supp. 2d at 277. Allegations that defendants' misleading proxy statements resulted in a decline in stock prices have been held sufficient to meet the "in connection with" requirement under SLUSA. *See id.* ((citing *Leykin v. AT&T Corp.*, 216 Fed. Appx. 14 (2d Cir. 2007)). Accordingly, plaintiffs' allegations here are "in connection with" the purchase or sale of covered securities, and thus come within SLUSA's removal provisions. 15 U.S.C. § 78bb(f)(1)-(2).

    (d) The so-called "Delaware carve-out" contained in SLUSA, which provides an exception to removal for certain actions based upon the statutory or common law of the State in which the issuer is incorporated, does not apply to this case. In order to come within that exception to removal, the action must involve (a) the purchase or sale of securities by the issuer (or an affiliate) from or to holders of equity securities of the issuer or (b) a recommendation, position or other communication with respect to the sale of securities of an issuer and decisions of equity holders with respect to voting securities in response to a tender or exchange offer (or exercising dissenters' or appraisal rights). 15 U.S.C. § 78bb(f)(3)(A). The action here, although "in connection with" the purchase of sale of securities, does not involve LifeVantage's purchase or sale of its own securities from or to the members of the putative class or any recommendation

by LifeVantage regarding the sale of LifeVantage stock by members of the putative class. Accordingly, the "Delaware carve-out" does not apply. *See Fisher*, 487 F. Supp. 2d at 279-80.

5. Removal also is proper because Plaintiffs' assertions regarding LifeVantage's proxy statements (*see* Complaint ¶¶ 5, 28-29) actually attempt to state a claim under Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78n. Section 14(a) of the Exchange Act governs proxy statements and provides an implied private right of action by shareholders to seek injunctive relief for injury caused by materially misleading and incomplete proxy statements. *See J.I. Case Co. v. Borak*, 377 U.S. 426, 430-31, 84 S. Ct. 1555, 12 L. Ed. 2d 423 (1964). District courts have jurisdiction over "all suits in equity and actions at law brought to enforce any liability or duty created" under Section 14(b). *Id.*; 15 U.S.C. §78aa.

6. Plaintiffs need not plead a violation of Section 14(a) expressly for removal to be appropriate. *See Palumbo v. Deposit Bank*, 758 F.2d 113, 115 (3d Cir. 1985). When Plaintiffs alleged that the proxy statements were materially misleading and incomplete, they were, in fact, alleging a claim under Section 14(a) of the Exchange Act. This also supports federal jurisdiction. *See* 28 U.S.C. § 1441(c).

7. Removal also is proper because Plaintiffs allege that LifeVantage did not provide all material information required to seek an advisory vote on executive compensation practices under the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2012 (codified at Section 14A of the Securities Exchange Act of 1934), 15 U.S.C. § 78n-1. *See* Complaint ¶¶ 27, 28. Plaintiffs' claim that Defendants did not provide all material information required to be disclosed under Section 14A of the Exchange Act supports federal jurisdiction. *See* 28 U.S.C. § 1441(c).

8. Removal of this action is proper to the United States District Court for the District of Utah, Central Division pursuant to 28 U.S.C. Section 1441(a) because it was filed initially in the Third Judicial District Court, Salt Lake County, for the State of Utah, West Jordan Department.

9. Promptly after filing this Notice of Removal and in accordance with 28 U.S.C. § 1446(d), Defendants shall give written notice to Plaintiffs and the Third Judicial District Court, Salt Lake County for the State of Utah, West Jordan Department, of his filing this Notice of Removal and will file a copy of his Notice with the Clerk at the Third Judicial District Court, Salt Lake County for the State of Utah, West Jordan Department. A copy of the Notice to be filed in the State Court of Action is attached hereto as Exhibit "B" (without attachments) and is incorporated by reference.

10. WHEREFORE, Defendants respectfully remove this action in its entirety from the Third Judicial District Court, Salt Lake County for the State of Utah, West Jordan Department, for all further proceedings as though it was originally filed here, and pray that this Court retain jurisdiction over the action to the exclusion of any proceedings in the State Court. Defendants are represented by the undersigned lawyers who certify under Federal Rule of Civil Procedure 11 that the foregoing is true and correct.

Dated: October 29, 2012

_____
Anderson & Karrenberg, P.C.
By Thomas R. Karrenberg
Richard A. Kaplan

Attorneys for Defendants LifeVantage Corporation, Douglas C. Robinson, Elwood H. Spedden, Michael A. Beindorff, David W. Brown, Mike Lu, Dave S. Manovich, Garry Mauro, Joe M. McCord, and George E. Metzer